## In re CLAASEN.

ORIGINAL.

No. 16. Original. Argued April 30, 1891. — Decided May 11, 1891.

Under § 5 of the act of March 3, 1891, entitled " An act to establish Circuit Courts of Appeals, and to define and regulate in certain cases the jurisdiction of the courts of the United States and for other purposes," a writ of error may, even before July 1, 1891, issue from this court to a Circuit Court, in the case of a conviction of a crime under § 5209 of the Revised Statutes, where the conviction occurred May 28, 1890, but a sentence of imprisonment in a penitentiary was imposed March 18, 1891.

A crime is " infamous" under that act, where it is punishable by imprisonment in a state prison or penitentiary, whether the accused is or is not sentenced or put to hard labor.

Such writ of error is a matter of right, and, under § 999 of the Revised Statutes, the citation may be signed by a justice of this court, as an authority for the issuing of the writ under § 1004.

At the time of the conviction, no writ of error from this court, in the case, was provided for by statute, nor was any bill of exceptions, with a view to a writ of error, provided for by statute or rule; and, therefore, a mandamus will not lie to the judge who presided at the trial, to compel him to settle a bill of exceptions which was presented to him for settlement after the sentence; nor can the minutes of the trial, as settled by the judge by consent, and signed by him, and printed and filed in July, 1890, and on which a motion for a new trial was heard in October, 1890, be treated by this court, on the return to the writ of error, as a bill of exceptions properly forming part of the record.

A criminal court in the Southern District of New York, sitting as a Circuit

Court therein, under § 613 of the Revised Statutes, and composed of the three judges named in that section, to hear a motion for a new trial and an arrest of judgment, in a criminal case previously tried by a jury before one of them, is a legally constituted tribunal.

A justice of this court on allowing such writ and signing a citation had authority also to grant a *supersedeas* and stay of execution.

MOTION for leave to file a petition for a writ of mandamus. The case is stated in the opinion.

*Mr. Hector M. Hitchings* for the petition.

*Mr. Attorney General* and *Mr. Edward Mitchell* opposing.

*Mr. George F. Edmunds* as *amicus curiæ.*

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

Peter J. Claasen, having been indicted under section 5209 of the Revised Statutes, in the Circuit Court of the United States for the Southern District of New York, was, on the 28th of May, 1890, on a trial before the court, held by Judge Benedict, District Judge for the Eastern District of New York, and a jury, found guilty on five of the counts of the indictment.

The term of that court at which the indictment was tried was one appointed exclusively for the trial and disposal of criminal business, and was held by Judge Benedict under the provision of section 613 of the Revised Statutes which enacts that "the terms of the Circuit Court for the Southern District of New York, appointed exclusively for the trial and disposal of criminal business, may be held by the Circuit Judge of the Second Judicial Court [Circuit] and the District Judges for the Southern and Eastern Districts of New York, or any one of said three judges." That term adjourned on the day before the third Wednesday in June, 1890.

On the 24th of October, 1890, the defendant made a motion for a new trial and in arrest of judgment. At a like term of said court, held by the Circuit Judge of the Second Judicial Circuit and the District Judges for the Southern and Eastern Dis-

tricts of New York, and which began on the second Wednesday in October, 1890, this motion was heard upon the minutes of the trial, as settled and signed by Judge Benedict and printed under the provisions of a rule of the court. The motion was denied in December, 1890.

Before the defendant was sentenced under his conviction, Congress passed the act of March 3, 1891, entitled "An act to establish Circuit Courts of Appeals, and to define and regulate in certain cases the jurisdiction of the courts of the United States and for other purposes." 138 U. S. 709; 26 Stat. 826, c. 517. The 5th section of that act provides that a writ of error may be taken from an existing Circuit Court direct to the Supreme Court of the United States in the following cases, among others, "in cases of conviction of a capital or otherwise infamous crime." By a joint resolution approved March 3, 1891, entitled "Joint resolution to provide for the organization of the Circuit Courts of Appeals," it was provided that nothing in the above-mentioned act of March 3, 1891, should be held or construed in anywise to impair the jurisdiction of the Supreme Court or of any Circuit Court of the United States "in any case now pending before it, or in respect of any case wherein the writ of error" should have been sued out before July 1, 1891.

On the 18th of March, 1891, the defendant was sentenced by the Circuit Court to be imprisoned for a term of six years in the Erie County penitentiary. On the 21st of March, 1891, a writ of error to the Circuit Court from this court was allowed by an Associate Justice of this court, and a citation signed, returnable here on the second Monday of April, 1891, with this direction, made by such Associate Justice: "This writ is to operate as a *supersedeas* and stay of execution, with leave to the United States to move the Supreme Court of the United States, on notice, to vacate the stay, as having been granted without authority of law."

On the same 21st of March, 1891, the defendant filed in the Circuit Court an assignment of errors, and on the 25th of March, 1891, the attorney of the United States served on the attorney for the defendant a joinder in error, having previously

filed the same in the office of the clerk of the court. Thereafter, the counsel for the defendant prepared a bill of exceptions, containing the matters supposed to be necessary to present for consideration the errors specified in the said assignment of errors, which latter paper contained additional specifications of error to those covered by the minutes of the trial, as settled by Judge Benedict, upon which the motion for a new trial and in arrest of judgment was so made. That bill of exceptions was, on the 18th of April, 1891, presented to Judge Benedict for settlement, the United States attorney attending on notice and on service of a copy of the proposed bill of exceptions.

The time to file and docket the record in this court has been enlarged so that it has not yet expired; and the term of the Circuit Court at which the defendant was sentenced has not yet expired, and will not expire until May 12, 1891.

On the presentation of the bill of exceptions to Judge Benedict, the United States attorney objected to the settlement of any bill of exceptions, for reasons including, among others, those stated in an opinion given by Judge Benedict on the 23d of April, 1891, refusing to settle and allow the bill.

The defendant now moves for leave to file a petition for a writ of mandamus, which sets forth the foregoing facts; and the motion has been argued on behalf of the petitioner and of the United States. The petition prays for a writ of mandamus to Judge Benedict, commanding him to settle and allow the bill of exceptions according to the truth of the matters which took place before him on the trial of the indictment, and to sign it, when settled and allowed, as of the 10th of April, 1891, the time a copy of it was served upon the United States attorney, with notice of settlement.

It is stated in the opinion of Judge Benedict, that the minutes of the trial, on which the motion for a new trial and in arrest of judgment was made, contained some exceptions that were noted at the trial and omitted others, and were settled by consent and signed by him. It appears from the record that this was done on July 9, 1890, and that on the same day the printed case as settled was filed in the office of

the clerk of the Circuit Court. The record also shows, that on the 24th of October, 1890, before the hearing of the motion for a new trial and in arrest of judgment, a motion was made on the part of the defendant, before the court held by the three judges, to insert in the record exceptions which did not appear in the minutes of the trial as so settled and filed; that that application was denied; and that the case was then heard. It appears from the opinion that the ground on which Judge Benedict refused to settle or sign the bill of exceptions was that, as the defendant had presented for his signature the minutes of the trial, and he had signed them, and they had been incorporated in the record with the consent of the defendant, and the case had been heard and decided by the three judges upon those minutes, the record was complete, and contained a sufficiently authenticated statement of the only exceptions which were open to review on the writ of error; that all other exceptions had been waived and abandoned; and that there was no occasion for any bill of exceptions other than, or different from, the one already incorporated in the record. The opinion also says, that the act of March 3, 1891, giving to this court the right to review the record in this case upon the writ of error, applies to the record as it stood complete, in the matter of the exceptions taken at the trial, when the statute was passed, and had no effect to revive exceptions which had been waived and abandoned, and does not require or permit a second bill of exceptions to be incorporated into the record as it stood at the time of the passage of the act.

We are of opinion that the act of March 3, 1891, went into immediate operation, so as to permit a writ of error to be allowed in the present case, as the final judgment against the defendant, by his sentence, was not rendered until March 18, 1891. The case was one of conviction of an "infamous crime," within the meaning of the act, as those words have been heretofore interpreted by this court. It was held in *Ex parte Wilson*, 114 U. S. 417, that a crime punishable by imprisonment for a term of years at hard labor is an infamous crime, within the meaning of the Fifth Amendment to the Constitution of the United States. See also *Mackin* v. *United*

*States,* 117 U. S. 348; *Parkinson* v. *United States,* 121 U. S. 281; *United States* v. *De Walt,* 128 U. S. 393; *Medley, Petitioner,* 134 U. S. 160, 169; and *In re Mills,* 135 U. S. 263, 267. The purport of the rulings in those cases is, that a crime which is punishable by imprisonment in the state prison or penitentiary, as is the crime of which the defendant was convicted, is an infamous crime, whether the accused is or is not sentenced or put to hard labor; and that, in determining whether the crime is infamous, the question is, whether it is one for which the statute authorizes the court to award an infamous punishment, and not whether the punishment ultimately awarded is an infamous one. So it is clear that the crime in the present case is an infamous crime, although it does not appear that section 5209, or the sentence imposed, expressly provided for imprisonment at hard labor.

The writ of error was, under the act of March 3, 1891, a matter of right, and, being a writ to an existing Circuit Court, the citation could, under § 999 of the Revised Statutes, be signed by a justice of this court, as an authority for the issuing of the writ under § 1004.

We are of opinion, however, that although a writ of error will lie, the petition for the mandamus must be denied. At the time of the trial, and at the time the verdict of the jury was rendered, on the 28th of May, 1890, no writ of error from this court in a case like the present was provided for by statute. Of course, no bill of exceptions with a view to a writ of error was provided for, either by statute or rule. The granting of the writ of error now, because the final judgment on the conviction was rendered subsequently to March 3, 1891, cannot create a right to a bill of exceptions which did not exist at the time of the conviction. To so hold does not impair the jurisdiction of the Circuit Court in the case, within the meaning of the joint resolution of March 3, 1891, although the writ of error is taken out prior to July 1, 1891. The rights of the defendant in respect of a bill of exceptions stand as they did at the time he was convicted. Therefore, the bill of exceptions presented for settlement to Judge Benedict cannot be allowed; nor can the minutes of the trial as settled by

him by consent, and signed by him, and printed and filed, be treated by this court, on the return to the writ of error, as a bill of exceptions properly forming part of the record, no such bill of exceptions having been authorized on July 9, 1890.

It was suggested by the counsel for the defendant, that the Circuit Court held in this case by the three judges, under section 613 of the Revised Statutes, was improperly constituted, that all proceedings before it were without legal authority, and that its acts were of no binding force. But we are of opinion that it was a legally constituted tribunal; that it not only could have tried the cause in the first instance, but was authorized to hear and pass upon the motion for a new trial and in arrest of judgment; and that the rule made by the Circuit Court on that subject, which is quoted in the margin,[1] was a proper rule. Section 613 of the Revised Statutes has been above quoted. It is provided by § 658 that the regular terms of the Circuit Court in the Southern District of New York " exclusively for the trial and disposal of criminal cases, and matters arising and pending in said court," shall be held at the times therein specified. The provision of § 613 is that the criminal terms may be held by the three judges named

---

[1] CRIMINAL RULE OF THE CIRCUIT COURT. " March 12th, 1879. For the purpose of securing a right of review to defendants in criminal cases tried in the Circuit Court of the United States for the Southern District of New York, hereafter, in all such cases, where the defendant shall, within three days after conviction, file notice of a motion for a new trial upon exceptions taken at the trial, or a motion in arrest of judgment, sentence will be deferred until the next criminal term of the court, in order to give opportunity for the hearing of such motion before a court to be composed of the Circuit Judge and the two District Judges authorized by law to hold the said terms of said court, under section 613 of the Revised Statutes of the United States. The court will sit for the purpose of such hearings on the second day of each of the exclusively criminal terms provided for in section 658 of said Revised Statutes, at which time either party may move the hearing, and the same will be had upon the minutes of the trial, as settled by the judge who tried the case. The minutes so settled shall be printed by the moving party, and five copies thereof shall be filed before the first day of the term next subsequent to the term at which the trial was had, one of which copies shall be delivered to the district attorney, at his request. A failure to file such copies will be deemed an abandonment of any motion of which notice may have been given in pursuance of this rule."

in that section, or any one of them. All three may hold the court for any criminal business which may be brought before it.

The fact that the district attorney filed a joinder in error to the specific assignments of error filed by the defendant does not affect the ground upon which we dispose of the present application.

At the same time with the foregoing motion for leave to file a petition for a writ of mandamus, the Attorney General, on behalf of the United States, moved this court to annul and set aside the *supersedeas* and stay of proceedings, on the ground that the making of the order granting the same was unauthorized by law, because there is no express provision in the act of March 3, 1891, for a *supersedeas* and stay of execution. This motion was made with the view of testing the question, and has properly been argued by the Attorney General from the standpoint of having the matter finally determined one way or the other, rather than in any particular way.

Attention is called to the provision of section 4 of that act, that "the review, by appeal, by writ of error or otherwise, from the existing Circuit Courts shall be had only in the Supreme Court of the United States or in the circuit courts of appeals hereby established according to the provisions of this act regulating the same;" and also to the provision of section 11 of that act, that "any judge of the circuit courts of appeals, in respect of cases brought or to be brought to that court, shall have the same powers and duties as to the allowance of appeals or writs of error, and the conditions of such allowance, as now by law belong to the justices or judges in respect of the existing courts of the United States respectively;" and it is suggested that neither of those provisions applies to cases of appeals to, or writs of error from, this court. It is, therefore, contended that there is no direct provision for a *supersedeas* upon a writ of error from this court, in a criminal case.

That this court, as a court, has power to issue a writ of *supersedeas* under section 716 of the Revised Statutes is quite clear; for that section gives it power to issue all writs not

specifically provided for by statute, which may be necessary for the exercise of its jurisdiction and agreeable to the usages and principles of law. *Hardyman* v. *Anderson*, 4 How. 640; *Ex parte Milwaukee Railroad Co.*, 5 Wall. 188.

We are of opinion, however, that a justice of this court had authority not only to allow the writ of error, but also to grant the *supersedeas*. By section 1000 of the Revised Statutes, it is provided that every justice or judge signing a citation on any writ of error shall take security for the prosecution of the writ, and for costs, where the writ is not to be a *supersedeas* and stay of execution, and for damages and costs where it is to be. In a criminal case, there are no damages; and in such a case, the United States being a party, it is provided by subdivision 4 of Rule 24 of this court, that in cases where the United States are a party no costs shall be allowed in this court for or against the United States.

Section 1007 of the Revised Statutes provides for the manner in which a *supersedeas* may be obtained on a writ of error. It is by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But, as there is no security required in a criminal case, the *supersedeas* may be obtained by merely serving the writ within the time prescribed, without giving any security, provided the justice who signs the citation directs that the writ shall operate as a *supersedeas*, which he may do when no security is required or taken.

We hold, therefore, that the allowance of the *supersedeas* in the present case was proper, and we deny the motion to set it aside.

To remove all doubt on the subject, however, in future cases, we have adopted a general rule, which is promulgated as Rule 36 of this court, (see 139 U. S., 706,) and which embraces, also, the power to admit the defendant to bail after the citation is served.

The order made hereon in the present case will allow the

Circuit Court, or any justice or judge·thereof, in its or his dis= cretion, to admit the defendant to bail, after the service of the citation, in such amount as may be fixed.

The motion of defendant for leave to file a petition for a writ of mandamus, and the motion of the United States to set aside the *supersedeas* and stay of proceedings, are both of them                                                                                          *Denied.*

Mr. Justice Bradley did not sit in this case or take any part in its decision.