## GOOD SHOT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 15, 1900.)

### No. 1,353.

1. **JURISDICTION OF CONVICTION OF INFAMOUS CRIME.**

   The circuit courts of appeals have no jurisdiction of cases of convictions of capital crime.

2. **JURISDICTION—TEST OF CONVICTION OF CAPITAL CRIME.**

   The test which determines whether or not a case is one of conviction of a capital crime is not the penalty which is actually imposed, but it is that which may be imposed. If the crime may be punished with death, and there is a conviction, it is a case of a conviction of a capital crime.

3. **MURDER OF AN INDIAN BY AN INDIAN A CAPITAL CRIME.**

   The murder of one Indian by another is punishable with death, under section 5339, Rev. St., and section 9, c. 341, p. 385, 23 Stat. The power of the federal courts to punish this offense with death was not revoked by 29 Stat. 487, c. 29.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of South Dakota.

S. H. Wright, for plaintiff in error.

William G. Porter (James D. Elliott, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The plaintiff in error, Good Shot, an Indian of the Sioux tribe of Indians, was indicted in the district court of the United States for the district of South Dakota for the crime of murder, in that he maliciously slew another Indian of that tribe, at the Pine Ridge agency, in the state of South Dakota. He was tried and convicted of this crime, but the jury returned a verdict to the effect that they found him guilty as charged in the indictment without capital punishment. A motion is made to dismiss the writ of error on the ground that this court is without jurisdiction to consider the case it presents. Section 5 of the act of March 3, 1891, creating the United States circuit courts of appeals (26 Stat. 826), as amended by the act of January 20, 1897 (29 Stat. 492), provides that appeals or writs of error may be taken from the district courts or the existing circuit courts directly to the supreme court in cases of conviction of a capital crime. Section 6 of that act provides that the circuit courts of appeals shall exercise appellate jurisdiction in all cases other than those provided for in the preceding section of the act. It is claimed, in opposition to the motion to dismiss, that the verdict and judgment in this case do not present the case of a conviction for a capital crime because the penalty inflicted is not death. But the test of jurisdiction under this statute is not the punishment which is imposed, but that which may be imposed. The plaintiff in error was charged with the crime of murder. The jury found that he was guilty as charged in the indictment, but relieved him from the penalty of death. He was not the less convicted of a capital crime because the extreme penalty

104 F.—17

of the law was not inflicted upon him. Fitzpatrick v. U. S., 178 U. S. 304, 20 Sup. Ct. 944, 44 L. Ed. 1078; Mackin v. U. S., 117 U. S. 348, 351, 6 Sup. Ct. 777, 29 L. Ed. 909; In re Claasen, 140 U. S. 200, 205, 11 Sup. Ct. 735, 35 L. Ed. 409.

Another objection to the granting of the motion is that the murder of one, Indian by another is not punishable by death, under the acts of congress. It is conceded that chapter 341, § 9, of the act of March 3, 1885 (23 Stat. 385), confers jurisdiction upon United States courts to punish this crime with death. But the claim is that the act of January 15, 1897 (29 Stat. 487), repealed that part of the act of 1885 which conferred upon the courts the power to punish the crime of the murder of one Indian by another with death. A careful perusal of the latter statute, however, discloses no such repeal. The power to punish this crime conferred by the act of 1885 is left untouched. U. S. v. Kagama, 118 U. S. 375, 6 Sup. Ct. 1109, 30 L. Ed. 228; In re Gon-shay-ee, 130 U. S. 343, 9 Sup. Ct. 542, 32 L. Ed. 973; Bad Elk v. U. S., 177 U. S. 529, 20 Sup. Ct. 729, 44 L. Ed. 874.

The crime with which the plaintiff in error was charged was punishable with death. He was convicted of that crime. The act creating the circuit courts of appeals gave jurisdiction to the supreme court to review all cases of convictions of capital crimes. It gave jurisdiction to this court only in cases in which jurisdiction was not conferred upon the supreme court. The case at bar was not one of these cases, and the writ of error must be dismissed.