Application of SORINI et al.  Application of VAUGHT.  Application of QUISTEAD.

(Circuit Court of Appeals, Ninth Circuit. March 10, 1925.)

Nos. 4462, 4487, 4520.

1. Criminal law ⟨key⟩1072—Writ of error in criminal cases, not capital, is matter of right in federal courts.

Under the provision of Judicial Code, § 128 (Comp. St. § 1120), that "the Circuit Courts of Appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the District Courts," the allowance of a writ of error from that court to a District Court in a criminal case, not capital, is a matter of right.

2. Certiorari ⟨key⟩15—Writ will not lie to review refusal of District Court to allow writ of error.

The Circuit Court of Appeals is without jurisdiction to review the action of a District Court in refusing to allow a writ of error by certiorari.

Mandamus.  Applications of Frank Sorini and others, of A. J. Vaught, and of Jacob R. Quistead for writs of mandamus.  Writs granted.

Edward A. O'Dea, of San Francisco, Cal., for petitioners Sorini and Baldasarri.

James Raleigh Kelly, of San Francisco, Cal., for petitioner Vaught.

Jacob R. Quistead, in pro. per.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge.  These three cases present the same general question and were submitted together.  In all three cases timely applications for the allowance of writs of error from this court to review

judgments of conviction in criminal cases, not capital, in the District Court, were presented to the court below and disallowed. In case No. 4462 the relief sought is an alternative writ of mandamus; in case No. 4487 the relief sought is an alternative writ of mandamus, or the allowance of a writ of error by this court; and in case No. 4520 an attempt is made to review the order disallowing the writ of error by certiorari, but the petition is accompanied by a prayer for such other relief as the petitioner is entitled to in the premises.

[1] The question presented in each case is this: Is the allowance of a writ of error, from this court to a District Court in a criminal case, not capital, a matter of right, or a matter of discretion only? Section 6 of the Act of March 3, 1891 (26 Stat. 828; Comp. St. § 1120), creating the Circuit Court of Appeals, provides:

"That the Circuit Courts of Appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the District Court and the existing circuit courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law."

Section 6 of the Act of 1891 has been brought forward, in substance, as section 128 of the Judicial Code. In re Claasen, 140 U. S. 200, 205, 11 S. Ct. 735, 737 (35 L. Ed. 409), the Supreme Court said:

"The writ of error was, under the Act of March 3, 1891, a matter of right, and, being a writ to an existing Circuit Court, the citation could, under section 999 of the Revised Statutes, be signed by a justice of this court, as an authority for the issuing of the writ under section 1004."

In Hudson v. Parker, 156 U. S. 277, 283, 15 S. Ct. 450, 452 (39 L. Ed. 424), the same court again said:

"In Claasen's Case, 140 U. S. 200, it was adjudged, upon full consideration, that by the act of 1891 a writ of error from this court to the Circuit Court, in the case of a conviction of a crime infamous, but not capital, was a matter of right, without giving any security."

In McKnight v. United States, 113 F. 451, 51 C. C. A. 285, Judge Lurton, speaking for the Circuit Court of Appeals for the Sixth Circuit, said:

"The writ of error, when filed within 60 days of the judgment complained of, operates as a supersedeas or stay of proceedings; and a writ of error from this court to the Circuit or District Court, in the case of the conviction of a crime not capital, is a matter of right, without giving any security."

In Hardesty v. United States, 184 F. 269, 272, 106 C. C. A. 411, 414, the Circuit Court of Appeals for the Sixth Circuit again said:

"It is well settled that a writ of error from a judgment of conviction of a crime not capital is a matter of right, and that a supersedeas has the effect, under the statute and rules cited, of staying the execution of the sentence."

See, also, In re Graves (C. C. A.) 270 F. 181.

The decisions of the Supreme Court are controlling upon this court, and we may add that the allowance of such writs, as a matter of course, has been the common practice in the federal courts. It is almost needless to say that applications for writs of error in cases where the jurisdiction of the Supreme Court depends upon the presence of a substantial federal question are controlled by entirely different considerations. We think, also, that mandamus is the proper remedy. It is urged by counsel for the government that, inasmuch as a writ of error may be allowed by any Circuit Judge, there is another adequate remedy; but, if the District Judge may deny the writ because it may be allowed by a Circuit Judge, may not the Circuit Judge deny the writ because it may and should more properly be allowed by the District Court.

[2] In the first two cases alternative writs will issue as prayed. We have no jurisdiction to review the action of the District Judge in disallowing a writ of error, by certiorari, as prayed in case No. 4520, but the facts are fully set forth in the petition, and the petitioner is entitled to any appropriate relief under the facts as presented.

A writ of mandamus will therefore issue in case No. 4520, with directions to allow the writ of error as of the date of its disallowance by the District Court.