## HOSTETTER v. SYMES, District Judge.

(Circuit Court of Appeals, Eighth Circuit. December 10, 1925.)

No. 289.

1. **Criminal law ⬳1072—Allowance of writ of error in noncapital criminal cases is matter of right.**

Allowance of writ of error from Circuit Court of Appeals to district court in criminal cases, not capital, is matter of right, where essential requirements of law have been complied with.

2. **Criminal law ⬳1076(2)—Right to writ of error in noncapital cases exists without giving security for costs.**

Filing of cost bond is not essential to appellate jurisdiction, and right to writ of error exists without giving such security, and court will not, because of such omission, dismiss writ, except on failure later to comply with such terms as it may impose.

3. **Criminal law ⬳1080—Writ of error must be filed in district court rendering judgment in order to confer jurisdiction on Circuit Court of Appeals.**

Writ of error, though allowed, must be filed in district court rendering judgment in order to confer jurisdiction on Circuit Court of Appeals.

4. **Mandamus ⬳57(1)—Defendant, denied writ of error for failing to file cost bond, held entitled to writ of mandamus.**

Where application for writ of error filed within 60 days from date of judgment of conviction was denied because of failure to furnish cost bond, defendant properly applied to Circuit Court of Appeals for writ of mandamus to compel issuance of writ of error.

Original motion by Harry H. Hostetter for leave to file petition for writ of mandamus against Hon. J. Foster Symes, United States District Judge for the District of Colorado. Motion sustained.

Before STONE and VAN VALKENBURGH, Circuit Judges, and WILLIAMS, District Judge.

VAN VALKENBURGH, Circuit Judge. The above-named petitioner has filed a motion for leave to file his petition for writ of mandamus requiring the respondent to allow a writ of error from this court to the District Court for the District of Colorado. The proposed petition is filed with the motion.

It appears that on the 18th day of April, 1925, two indictments were returned against petitioner and one Clifford R. Obermeyer; one charging the unlawful transportation of a stolen automobile from the state of Colorado to the state of Illinois, and the second indictment charging a conspiracy to commit this substantive offense. The cases were assigned to be tried at Denver, Colo., and were numbered respectively 5052 and 5054 on the docket of said court. That court ordered that the two cases be tried together, and on May 15, 1925, the trial resulted in conviction, which was followed on the same day by judgment and sentence.

[1] Thereafter, on the 13th day of July, 1925, petitioner lodged with the clerk of the district court at Denver, Colo., a petition for writ of error, with assignment of errors and brief in support thereof. The writ was refused; the reason for such refusal, as appears from the correspondence filed in connection with the application for writ of mandamus, being the failure to file bond for costs as a prerequisite to the issuance of the writ. The petition for writ of error, accompanied by assignments of error, was thus lodged with the clerk of the court and brought to the attention of the trial judge within 60 days from the date the judgment was entered. The general rule, now well established, is that the allowance of a writ of error from Circuit Courts of Appeals to District Courts in a criminal case, not capital, is a matter of right where the essential requirements of law have been complied with. In re Claasen, 140 U. S. 200, 11 S. Ct. 735, 35 L. Ed. 409; Hudson v. Parker, 156 U. S. 277, 15 S. Ct. 450, 39 L. Ed. 424; M'Knight v. United States (C. C. A. 6th Circuit) 113 F. 451, 51 C. C. A. 285; Hardesty et al. v. United States (C. C. A. 6th Circuit) 184 F. 269, 106 C. C. A. 411; Application of Sorini et al. (C. C. A. 9th Circuit) 4 F.(2d) 802.

So far as we are now advised from the showing made by the petitioner, the sole ground of refusal was his failure to file a cost bond, ultimately fixed at $250.

[2] The filing of a cost bond is not an essential to appellate jurisdiction. Brown v. McConnell, 124 U. S. 489, 8 S. Ct. 559, 31 L. Ed. 495; Kingsbury v. Buckner, 134 U. S. 650, 10 S. Ct. 638, 33 L. Ed. 1047; Davidson v. Lanier, 4 Wall. 447–454, 18 L. Ed. 377; Seymour v. Freer, 5 Wall. 822, 18 L. Ed. 564.

The court will not, because of such omission, dismiss the writ except on failure later to comply with such terms as it may impose. Opportunity will be given a plaintiff in error to comply therewith. In the Claasen Case, above cited, the sections of the statute relating to the taking of security, to wit, Rev. St. §§ 1000 and 1007 (Comp. St. §§ 1660, 1666), were considered and construed. That court said: "By section 1000 of the Revised Statutes, it is provided that every justice or judge signing a citation on any writ of error shall take security for the prosecution of the writ, and for costs, where the writ is not to be a supersedeas and stay of execution, and for damages and costs where it is to be. In a criminal case, there are no damages; and in such a case, the United States being a party, it is provided by subdivision 4 of rule 24 of this court, that in cases where the United States are a party no costs shall be allowed in this court for or against the United States."

And in Hudson v. Parker, supra, the court, in approving the rule announced in the Claasen Case, held that: "The only 'proper security,' then, in a criminal case, is security for the appearance of a prisoner admitted to bail." See, also, M'Knight v. United States; Hardesty et al. v. United States; Application of Sorini et al., above cited. It has accordingly been held that the right to a writ of error upon proper application exists without the giving of security. Of course, enlargement upon bail is an entirely different matter.

[3, 4] It is undoubtedly true that a writ, though allowed, must be duly filed in the court which rendered the judgment in order to confer jurisdiction upon this court. Title Guaranty Co. v. General Electric Co., 222 U. S. 401, 32 S. Ct. 168, 56 L. Ed. 248; General Motors Acceptance Corporation v. Lawrence, 9 F.(2d) 64, decided by this court at this term. But the jurisdiction of this court is not in issue. The petitioner seeks to lay the proper foundation for that jurisdiction. Upon the face of the record before us he has done all that was required to entitle him to the allowance of his writ. His application was duly filed within 60 days from the date of the judgment which he attacks. The writ was denied apparently upon an insufficient ground. No course was left open to him other than to apply to this court, as he has done at its first sitting.

The application has been heard upon ex parte presentation, and this opinion is based upon the showing made by the petitioner without traverse by the respondent. Our conclusion is that the motion to allow the pe-

tition for writ of mandamus to be filed should be sustained, and that the respondent should have 15 days from the date of notice of this ruling from the clerk of this court within which to file his response thereto. It is so ordered.