**UNITED STATES v. HOXIE et al.**

No. 1813–B.

First Division.   Juneau.
March 6, 1930.

Arthur Shoup, U. S. Atty., of Juneau, for the United States.

H. L. Faulkner, Hellenthal & Hellenthal, G. C. Winn, and Henry Roden, all of Juneau, for defendants.

HILL, District Judge.

In the District Court for the First Division of the territory of Alaska the defendant Charles Hoxie was tried and convicted of conspiracy to violate the National Prohibition Act (27 U.S.C.A. § 1 et seq.) and the judge of that court

pronounced judgment and imposed sentence, the pertinent parts of which are as follows: "It is the sentence of the Court that said Charles Hoxie be imprisoned in the Federal penitentiary at McNeil Island, Washington, for a period of two years and that he pay a fine of four thousand dollars ($4,000.00) and the costs of this action."

Thereafter the defendant filed his petition for a writ of error, and therein prayed that the court should order a stay of proceedings and fix the amount of a supersedeas bond. The court thereupon allowed the writ of error and fixed the amount of supersedeas bond at $8,000. Apparently for the purpose of obtaining supersedeas, the defendant, with John McCluskey and Isadore Goldstein as sureties, filed his bond in the sum of $8,000 conditioned as follows: "Now, therefore, the conditions of this obligation are such that the defendant Charles Hoxie shall prosecute said Writ of Error to effect and answer all costs if he shall fail to make good his appeal and shall at all times render himself amenable to the orders and processes of this court or the appellate court and render himself in execution if the judgment of this court is affirmed in said appellate court or in any court, then this obligation to be void, otherwise to remain in full force and effect."

The court approved and accepted that bond, and directed that the defendant be released from custody. No other bond appears to have been filed.

The Circuit Court of Appeals, Hoxie v. United States, 15 F.(2d) 762, affirmed the judgment and sentence of the District Court, and its mandate was filed in the District Court March 23, 1927. Commitment on affirmance issued to the United States marshal, who returned it showing execution on March 28, 1927. On April 2, 1927, the judge of the trial court made the following order:

"This matter coming up for hearing upon the motion of the defendant's counsel asking that the bond given in connection with the appeal of the defendant Charlie Hoxie in the above entitled cause be released and the sureties

discharged thereon, and the court being fully advised finds; that the defendant Charlie Hoxie has duly and regularly surrendered himself in execution of the judgment of this court; that all costs incurred in connection with the appeal have been paid,

"Wherefore it is ordered and adjudged that the principal and the sureties on said bond be discharged and released.'

"Dated at Juneau this 2nd. day of April, 1927.

"Thos. M. Reed, District Judge."

Neither the record nor files in the case show any written motion for that order nor any service thereof on the United States. Thereafter the plaintiff filed its bill and amended bill of costs amounting to $1,474.20, upon which it credited $122.70, which it appears defendant had paid as costs on appeal, leaving a balance of $1,351.50. Defendant took exception to the cost bill as a whole and to many items of it. The clerk taxed the costs according to the cost bill, and defendant appealed.

On September 20, 1928, plaintiff filed its motion to quash and set aside the order above quoted discharging sureties and also filed a motion for judgment against the sureties for the $1,351.50 taxed by the clerk as trial costs of the action.

The questions arising upon these motions and the appeal from the clerk's taxation of costs, with affidavits and counter affidavits, were presented to the court together, and are now before it for determination. In support of its motion to quash the order exonerating defendant's bondsmen, plaintiff contends that the order was void in that the court had no jurisdiction to make it, first, because no notice of that motion was served upon the plaintiff; and, second, because the court could not make an order discharging sureties unless all the costs had been paid.

The sureties answer that plaintiff is now in court asking a summary judgment against them, and that, if the court is vested with authority to render a summary judg-

ment against them, it is vested with authority to render it for them; that it did just that; that no appeal or other proceeding to review that judgment has been instituted, and the time therefor is past, and the matter is now res judicata; that the term at which the order was signed has ended, and more than a year had elapsed after the order was signed before plaintiff's motion to quash was filed, and this court has now no jurisdiction over that order either under its common-law power or under section 925, Compiled Laws of Alaska. As to plaintiff's lack of notice of motion of sureties to be exonerated, the sureties say that the proceeding was in an action pending in which plaintiff had appeared; that no notice of such motion was required by the Code or rules of court, and therefore plaintiff was under the duty to watch its action and is presumed to have known what was transpiring in court; and, finally, they say that an assistant United States attorney was actually present in court when the oral motion for the order was made and did not resist it. They admit that they served no notice of that motion. The order of April 2d contained no recital of notice to the United States attorney.

The second subdivision of section 2342 of chapter 24 of the Compiled Laws of Alaska is as follows: "At any time after the surrender of the defendant, either by his bail or himself, the court or judge thereof at which the defendant is bound to appear, or where the action is pending, or the judgment appealed from is given, as the case may be, may, upon reasonable notice to the district-attorney, order that the bail be exonerated, and upon the entry or filing of such order they are exonerated accordingly."

Section 2345 of the same chapter is as follows: "That the notice to be given to the district attorney as required in this Chapter may be given to him personally or to any person authorized to appear for him, as provided in sections 2335 and 2336 of this title."

By the quoted portion of section 2342, the court was vested with jurisdiction of the subject-matter concerning

which it made the order of April 2d, above quoted, but, as a preliminary to exercise of that jurisdiction, notice was required.

Section 1327, Compiled Laws of Alaska, is as follows: "Notice shall be in writing, and notices and other papers shall be served on the party or attorney in the manner described in this chapter where otherwise not provided by this code."

■ Considering the provision of section 2342 requiring notice to the district attorney, in connection with the last-quoted section, it is apparent that written notice should have been given of the motion for the order exonerating bail. In view of the statutory requirement of notice, it seems unnecessary to discuss what the rule would be in the absence of the statute. However, even were there no such statute, I think the better rule is that notice must be given and that judgment rendered without it is void. 1 Freeman on Judgments (5th Ed.) § 333, p. 666; Id. § 340, p. 685; 34 C.J. p. 270, title "Judgments," § 493 (2).

■ The order exonerating bail is a summary judgment in their favor against any claim of the United States based upon the bail bond which they signed. Judgments exonerating bail, like other summary judgments, are predicated upon facts which are matter of record in the court in which judgment is asked, and therefore the only issues to be considered are issues of law. In this case the issue of law is primarily whether under the conditions of the bond they signed the sureties bound themselves to pay trial costs to the United States. This was a substantial issue, and the United States was entitled to be heard on it and to that end entitled to the required notice of application for the judgment of exoneration.

The sureties now claim that an assistant United States attorney was present in court when their application for exoneration was made; therefore the plaintiff had actual knowledge of that application, and cannot at this late date claim lack of notice.

■ It has been held that actual knowledge is not equivalent to legal notice and process. Waller v. Weston, 125 Cal. 201, 57 P. 892.

■ But, even if actual knowledge did do away with the necessity for notice, the proof here falls far short of showing actual knowledge. The most that can be claimed under the showing made by affidavit of counsel for the bondsmen is that an assistant United States attorney was in the courtroom when the application for exoneration was, made. There is no showing that it was in any way called to his attention, or that he was within hearing distance when the application was made, or that there was a vocal request for the order in tones that should have reached the assistant United States attorney. It might well have happened that during the hearing of ex parte matters or at a busy session of the court the attorney for the bondsmen approached the judge's desk and in gently modulated tones explained that the costs on appeal had been paid and the defendant had been taken into custody, whereupon the judge signed the requested order and passed it to his clerk for filing, and that, though within the bar, the assistant United States attorney would have no knowledge of what was being done. Had the plain requirements of the statute been followed and the order of April 2d made after notice, I would have no hesitation in determining that the liability of the sureties was res judicata and denying the motion to vacate.

■■ Judgments void for want of jurisdiction can be set aside by the court rendering them. 34 C.J. 270, title, Judgments, § 493; Hodgdon v. Goodspeed, 60 Or. 1, 118 P. 167; Blythe v. Hinckley (C.C.) 84 F. 228, 231, et seq., affirmed Blythe Co. v. Hinckley (C.C.A. 9th Circuit) 111 F. 827, certiorari denied 184 U.S. 701, 22 S.Ct. 941, 46 L. Ed. 766.

Such judgments may be set aside at any time after rendition before or after expiration of the term at which they were rendered. Huffman v. Huffman, 47 Or. 610, 86 P. 593, 114 Am.St.Rep. 943; Frank Co. v. Leopold & Ferron

Co., 13 Cal.App. 59, 108 P. 878; 34 C.J. 269, title Judgments, § 492.

The motion to vacate and set aside the judgment of April 2d will be granted, and an appropriate order may be drawn.

I will now consider the application of the United States for judgment against the sureties on the bond for trial costs.

██ In such applications I think procedure by scire facias is better than by motion, but in this case the marshal's return on the motion shows service on each of the sureties personally, and, under the rule laid down by the Circuit Court of Appeals for the Fifth Circuit in Gordon v. Third National Bank, 56 F. 790, which is cited with approval by the Circuit Court of Appeals for the Ninth Circuit in Empire State-Idaho Mining & Development Co. v. Hanley, 136 F. 99, I will treat the motion as a scire facias.

██ What has been said in discussing the motion to vacate the judgment of April 2d indicates this court's view as to the bondsmen's claim of res judicata.

██ A sufficient answer to the bondsmen's contention that the trial court was prohibited by the provisions of chapter 75, 1923 Session Laws of Alaska, from giving judgment against the defendant for costs is that the trial court did give such judgment, which was affirmed by the Circuit Court of Appeals, Hoxie v. U. S., supra. This court has no power to modify or change the affirmed judgment. It is now the law of this case. They cite in their brief Hostetter v. Symes, District Judge (C.C.A.) 10 F. (2d) 109, and In re Claasen, 140 U.S. 200, 11 S.Ct. 735, 35 L.Ed. 409, and in oral argument Application of Sorini (C.C.A.) 4 F.(2d) 802.

These cited cases do not seem to me parallel with the case now before the court, nor decisive thereof. In neither of those cases was the defendant sentenced to pay costs or fined.

Since the decision of the Hostetter Case, the same court has held that a supersedeas bond conditioned on defendant's paying a fine and costs imposed by the District Court is supported by a consideration, Peters v. United States (C.C.A.) 20 F.(2d) 741. In the Peters Case the court cites with approval American Surety Company of New York v. United States (C.C.A.) 239 F. 680, which is exactly similar to the case now before this court. In that case, as in this case, the bond given left out the word "damages." Every contention here made by counsel for the sureties was there made by counsel for the sureties. In that case and, notwithstanding the vigorous dissenting opinion of Judge Ward, in Oehring v. Fox Typewriter Co. (C.C.A.) 266 F. 682, 12 A.L.R. 718, it was held that the words "all costs" cover trial costs.

I think the principles applied in these two cases and in Peters v. United States, supra, are decisive of the case at bar.

The motion for judgment against the sureties will be granted for the costs which this court upon deciding the appeal from the clerk's taxation shall find to be properly taxed.