UNITED STATES v. MANUFACTURING APPARATUS, ETC., OF NEW JERSEY MELTING & CHURNING CO.

(District Court, D. New Jersey. November 27, 1905.)

INTERNAL REVENUE—FRAUD BY MANUFACTURER OF OLEOMARGARINE—INFORMATION FOR FORFEITURE OF PLANT.

An information for the forfeiture of an oleomargarine plant, under Act Aug. 2, 1886, c. 840, § 17, 24 Stat. 212 [U. S. Comp. St. 1901, p. 2234], is sufficient, which charges in the language of the statute that the claimant was engaged in the business of manufacturing oleomargarine, and defrauded and attempted to defraud the United States of the tax on the oleomargarine produced by it, or a part thereof.

On Demurrer to Information.

John B. Vreeland, for the United States.
Joseph F. Farmer, for respondent.

CROSS, District Judge. An information for the seizure and forfeiture of the defendant's oleomargarine plant is in the words following:

"For that before and at the time of the seizure of the said personal property as aforesaid, the said the New Jersey Melting & Churning Company, at Hoboken, in the district aforesaid, was engaged in carrying on the business of manufacturer of oleomargarine, and did then and there produce a large quantity of oleomargarine, to wit, 28,000 pounds of oleomargarine, then and there subject to the internal revenue tax then imposed by law upon oleomargarine, and that the said the New Jersey Melting & Churning Company, then and there unlawfully did defraud and attempt to defraud the said United States of the said tax on the oleomargarine so produced by it."

There was a second count in the same form, except that it limited the attempt to defraud to only a part of the oleomargarine produced by the respondent.

To both of these counts the respondent has demurred. The information follows the language of the statute (section 17, Act Aug. 2, 1886, c. 840, 24 Stat. 212 [U. S. Comp. St. 1901, p. 2234]) which section is, except as to the product referred to, and the necessary changes in verbiage incident thereto, identical in terms with the statute relative to defrauding and attempting to defraud the United States of tax on distilled spirits (Act March 31, 1868, c. 41, § 5, 15 Stat. 59, Rev. St. § 3257 [U. S. Comp. St. 1901, p. 2112]) ; hence decisions upon the latter act are authoritative as to the former.

In Coffey v. United States, 116 U. S. 427, 6 Sup. Ct. 432, 29 L. Ed. 681, which sustains an information filed under section 3257 of the Revised Statutes, above referred to, Mr. Justice Blatchford held that an information following the language of the statute was good, and in the course of his opinion said:

"It was not necessary to aver in the information that the distilled spirits found on the claimant's distillery premises and seized were distilled by him, or were the product of his distillery, or that the distillery apparatus was wrongfully used, because section 3257 does not make these facts elements of the causes of forfeiture denounced by it. The only necessary elements are that the person shall be engaged in carrying on the business of a distiller, and that he shall defraud, or attempt to defraud, the United States of the tax on the spirits distilled by him."

He refers to the case of United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819, in which an indictment which had been found under section 3281 of the Revised Statutes [U. S. Comp. St. 1901, p. 2127], was held good; the indictment merely alleged that the defendant did knowingly and unlawfully engage in, and carry on, the business of a distiller within the intent and meaning of the internal revenue laws of the United States, with the intent to defraud the United States of the tax on the spirits distilled by him. It was also held that it was not necessary to state the particular means by which the United States were to be defrauded of the tax, Mr. Justice Harlan, who delivered the opinion of the court, said:

"The intent to defraud the United States is of the very essence of the offense; and its existence in connection with the business of distilling, being distinctly charged, must be established by satisfactory evidence. Such intent may, however, be manifested by so many acts upon the part of the accused covering such a long period of time as to render it difficult, if not wholly impracticable, to aver with any degree of certainty all the essential facts from which it may be fairly inferred. * * * It is the act of engaging in the distillation of spirits combined with that intent which constitutes the offense."

The case of United States v. Joyce (D. C.) 138 Fed. 455, holds that an indictment in the words of the oleomargarine act charging the defendant with knowingly, willfully, and unlawfully carrying on the business of a wholesale dealer in oleomargarine without having paid the special tax therefor, as required by law, is not objectionable for indefiniteness nor for failure to negative that defendant was a manufactur-

er selling his own product; and a motion to quash the indictment for insufficiency was denied.

These authorities dispose of this demurrer. Both counts of the information follow the language of the act on which they are based, and are sufficient.

The demurrer will be overruled, with costs.