HARDESTY et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 18, 1909.)

No. 1,802.

1. CRIMINAL LAW (§ 1144*)—APPEAL AND ERROR—REVIEW—PRESUMPTIONS.

On a writ of error, when there is a general verdict and judgment upon an indictment containing several counts, the presumption is that the judgment was rendered on the good counts, if any, unless something to the contrary appears in the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3035; Dec. Dig. § 1144.*]

2. CRIMINAL LAW (§ 1056*) — APPEAL AND ERROR — PRESENTATION IN LOWER COURT OF GROUNDS OF REVIEW—INSTRUCTIONS.

Where there were no exceptions to the charge of the court in a criminal case, and no error is assigned thereon, the charge will not be considered by the appellate court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2668; Dec. Dig. § 1056.*]

3. INDICTMENT AND INFORMATION (§ 202*) — WAIVER OF DEFECTS — AIDER BY VERDICT.

By failure to demur to an indictment, or enter a motion to quash, the defendant waives the right to object after verdict to matters which go merely to the form in which the offense is stated; but if some element of the offense has been omitted, which is necessary to constitute the crime attempted to be charged, advantage may be taken of it, even after verdict.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 640–650; Dec. Dig. § 202.*]

4. INDICTMENT AND INFORMATION (§ 110*) — REQUISITES AND SUFFICIENCY — STATUTORY OFFENSE—LANGUAGE OF STATUTE.

Under Oleomargarine Act Aug. 2, 1886, c. 840, § 17, 24 Stat. 212 (U. S. Comp. St. 1901, p. 2234), which makes it a criminal offense if any person engaged in carrying on the business of manufacturing oleomargarine "defrauds or attempts to defraud the United States of the tax on the oleomargarine produced by him," an indictment which, after averring facts showing defendant to have been a manufacturer of oleomargarine within the statute, charges in the language of the statute that he attempted to defraud the United States of the tax on oleomargarine produced by him, is sufficient, without setting out the particular acts relied on to prove such attempt.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. § 110.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. INTERNAL REVENUE (§ 47*)—OLEOMARGARINE ACT—CRIMINAL PROSECUTION—
SUFFICIENCY OF EVIDENCE.

    An indictment charging defendants with an attempt to defraud the
United States of the tax on oleomargarine manufactured by them is sus-
tained by evidence that they were dealers in oleomargarine, that they
bought uncolored oleomargarine, colored the same to resemble butter, and
repacked it in empty packages before used and stamped as containing the
colored product, and that they had previously systematically done the
same thing, and sold the article so colored without paying the additional
tax required thereon.

    [Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 47.*]

In Error to the District Court of the United States for the Western
District of Tennessee.

H. M. Johnson, for plaintiffs in error.

George Randolph, for the United States.

Before LURTON and SEVERENS, Circuit Judges, and COCH-
RAN, District Judge.

LURTON, Circuit Judge. The plaintiffs in error were indicted for
a violation of the oleomargarine act (Act Aug. 2, 1886, c. 840, 24 Stat.
209 [U. S. Comp. St. 1901, p. 2228]). The indictment contained 24
counts. The jury found Voges guilty upon each of the counts, and
found Hardesty guilty upon every count except the fifth, sixth, sev-
enth, eighth, ninth, twentieth, and twenty-first. The judgment of the
court was that each of the plaintiffs in error pay a fine of $1,000 and
be confined in the penitentiary at Atlanta, Ga., for the period of one
year and one day at hard labor and pay the costs of the cause. From
this judgment each of the plaintiffs in error have sued out this writ.

Upon consideration, this judgment was by this court affirmed in a
per curiam opinion dealing only with a question of evidence. 164 Fed.
421. Upon a seasonable petition a rehearing was ordered, and the
cause has again been heard at length upon every question, save the
question of evidence referred to as to which no rehearing was asked.
It is now urged that a judgment of imprisonment at hard labor for one
year and one day in a penitentiary and a fine of $1,000 can only be sup-
ported by a conviction under the fourth and nineteenth counts.

If these counts are good, and the evidence sufficient in law, there is
no reason for considering the sufficiency of the other counts. Upon a
writ of error, the presumption is, when there is a general verdict and
judgment upon an indictment containing several counts, that the judg-
ment was rendered upon the good counts, unless something to the con-
trary appears upon the record. Claasen v. United States, 142 U. S.
140, 12 Sup. Ct. 169, 35 L. Ed. 966; Ballew v. United States, 160 U.
S. 187, 16 Sup. Ct. 263, 40 L. Ed. 388; Selvester v. United States, 170
U. S. 262, 18 Sup. Ct. 580, 42 L. Ed. 1029.

There were no exceptions to the charge of the court, and no error
has been assigned thereon. Under such circumstances this court will
not consider the charge. Alexander v. United States, 138 U. S. 353,
11 Sup. Ct. 350, 34 L. Ed. 954; Lewis v. United States, 146 U. S. 370,
13 Sup. Ct. 136, 30 L. Ed. 1011; St. Clair v. United States, 154 U.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

S. 135, 153, 14 Sup. Ct. 1002, 38 L. Ed. 936; Coffey v. United States, 116 U. S. 427, 6 Sup. Ct. 432, 29 L. Ed. 681.

Neither was there any objection taken before verdict in any way to the sufficiency of the indictment. It is assigned as error that the court refused to sustain a motion made in arrest of judgment, because "the pleader drafting the indictment failed to follow the verbiage of the act said to have been infracted," etc. This, by the exercise of much latitude, may be regarded as an objection after verdict to the sufficiency of the indictment. By failure to demur, or enter a motion to quash, the defendant waives the right to object after verdict to matters which go to the mere form in which the offense is stated. By his delay it is properly presumed that he regards the indictment as sufficiently advising him of the offense charged to enable him to present his defense. If, however, some element of the offense has been omitted which is necessary to constitute the crime attempted to be charged, advantage may be taken even after verdict. United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135; Dunbar v. United States, 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390.

The fourth and nineteenth counts of the indictment are alike, except that they charge similar offenses committed upon different days. It is only necessary to consider one of these counts. If that does not omit any essential element necessary to make out the offense, and there was substantial evidence upon which the jury might return a verdict of guilty, the judgment must be affirmed. The fourth count is in these words:

"And the grand jurors aforesaid, upon their oath aforesaid, do further present that the said Jerome E. Hardesty and the said Ben F. Voges and the said Ella Jentges on the 13th day of March, A. D. 1907, in the city of Memphis aforesaid, and within the Western Division of the District aforesaid, and within the jurisdiction of this court, were engaged in carrying on the business of manufacturing oleomargarine by then and there selling, vending, and furnishing oleomargarine for the use and consumption of persons other than the members of the family tables of the said Jerome E. Hardesty and of the said Ben F. Voges and of the said Ella Jentges, by then and there adding to and mixing with the oleomargarine so sold, vended, and furnished by them an artificial coloration that caused the said oleomargarine to look like butter of the shade of yellow; and the said Jerome E. Hardesty and the said Ben F. Voges and the said Ella Jentges then and there being persons engaged in carrying on the business of manufacturing oleomargarine as aforesaid, did at Memphis, Tennessee, aforesaid, in the district aforesaid, and within the jurisdiction of this court, on the 13th day of March, A. D. 1907, add to and mix with three hundred pounds of oleomargarine an artificial coloration, which caused the same oleomargarine to look like butter of the shade of yellow; and the said Jerome E. Hardesty and the said Ben F. Voges and the said Ella Jentges then and there had not paid on the said three hundred pounds of oleomargarine so colored by them as aforesaid the tax of ten cents on each pound as provided by law; and the said Jerome E. Hardesty and the said Ben F. Voges and the said Ella Jentges did then and there knowingly and unlawfully intend to sell, vend, and furnish the said three hundred pounds of oleomargarine so colored as aforesaid for the use and consumption of persons other than the members of the family tables of the said Jerome E. Hardesty and of the said Ben F. Voges and of the said Ella Jentges, and did then and there attempt to defraud the United States of the tax of ten cents on each pound of said three hundred pounds of oleomargarine so colored by them as aforesaid—contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

This count is founded upon Act Aug. 2, 1886, c. 840, § 17, 24 Stat. 212 (U. S. Comp. St. 1901, p. 2234), which is in these words:

"Whenever any person engaged in carrying on the business of manufacturing oleomargarine defrauds, or attempts to defraud, the United States of the tax on oleomargarine produced by him, or any part thereof, he shall forfeit the factory and manufacturing apparatus used by him and all oleomargarine and all raw material for the production of oleomargarine found in the factory, and on the factory premises, and shall be fined not less than five hundred nor more than five thousand dollars, and be imprisoned not less than six months nor more than three years.",

The plaintiffs urge that this count does not charge an attempt to defraud the United States of the tax upon the colored product so made, but only with an intent to defraud which they say does not constitute an attempt. But this is a mistake. After averring that this oleomargarine was colored with the intent to dispose of the same unlawfully, it adds:

"And did then and there attempt to defraud the United States of the tax of ten cents on each pound of said three hundred pounds of oleomargarine so colored by them as aforesaid, contrary to the form of the statute," etc.

Neither is the count to be construed as charging that the coloration of oleomargarine to resemble butter with intent to dispose of the same without paying the tax constitutes, without more, an attempt to defraud the United States of the product tax on such colored oleomargarine. It was surplusage to aver a specific intent to dispose of such colored oleomargarine for use and consumption of persons other than the members of the family tables of the defendants. It was enough to charge that, being engaged in the business of manufacturing oleomargarine, they had defrauded or attempted to defraud the United States of the tax on the oleomargarine produced by them. Such an averment would have included every element essential to the offense declared by the seventeenth section of the act set out above. The offense was a statutory one, and it is generally enough to charge the defendant with doing acts or attempting to do acts which are forbidden by the statute. The qualification of this general rule, as stated by Mr. Justice Harlan in United States v. Simmons, 96 U. S. 360, 362, 24 L. Ed. 819, is that the charge in any event must be specific enough to appraise the accused "by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute." See, also, Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162.

The act defines who is one carrying on the business of manufacturing oleomargarine, and includes as such any person who "sells or furnishes oleomargarine for the use and consumption of others, except to his own family table without compensation, who shall add to or mix with such oleomargarine any artificial coloration that causes it to look like butter of any shade of yellow." If any such person attempts to defraud the United States of the tax on the oleomargarine so produced by him, he is subject to the penalties of the seventeenth section. The essence of the offense is in defrauding or attempting to defraud the

United States of the tax. The acts by which the United States might be defrauded of the tax or which constitute an attempt to defraud are not defined, and in the nature of things could not be. That this product tax is payable when sold or removed, and not before, is a fact which may throw light upon the conduct which is relied upon as evidence of an attempt to defraud. It is not fatal, especially upon a motion in arrest of judgment or a general request to instruct a verdict for the defendant, that the indictment does not set out the particular acts which are to be relied upon to prove that the government was defrauded out of the tax, or an unsuccessful attempt made to so defraud. It is enough to charge the offense in the words of the statute, as it contains all of the elements of the offense and leaves no room for doubt as to the offense charged and which the defendant is called upon to meet.

In United States v. Simmons, 96 U. S. 360, 363–364, 24 L. Ed. 819, one count of the indictment was based upon section 3281, Rev. St. (U. S. Comp. St. 1901, p. 2127), and charged that the defendant "did knowingly and unlawfully engage in and carry on the business of a distiller within the intent and meaning of the internal revenue laws of the United States, with the intent to defraud the United States of the tax on the spirits distilled by him," etc. The court said:

"This count seems to us sufficient to authorize judgment thereon. It was not necessary to state in the indictment the particular means by which the United States was to be defrauded of the tax. The defendant is entitled to a formal and substantial statement of the grounds upon which he is questioned, but not such a strictness in averment as might defeat the ends of justice. The intent to defraud the United States is of the very essence of the offense; and its existence in connection with the business of distilling being distinctly charged, must be established by satisfactory evidence. Such intent may, however, be manifested by so many acts on the part of the accused, covering such a long period of time, as to render it difficult, if not wholly impracticable, to aver, with any degree of certainty, all the essential facts upon which it may be fairly inferred."

In United States v. Manufacturing Apparatus Co. (D. C.) 141 Fed. 475, an information for the forfeiture of an oleomargarine plant under section 17 of the act of 1886, which charged in the language of the statute that the claimant was engaged in the business of manufacturing oleomargarine, and had defrauded or attempted to defraud the United States of the tax on the product produced by it, was held good, although the means or acts by which the fraud had been effected or an attempt made were not stated. The sufficiency of this count is also supported by the interpretations of the oleomargarine act found in the opinion of the Circuit Court of Appeals for the Eighth Circuit, reported sub nomine Morris v. United States, 161 Fed. 672.

There was ample evidence from which the jury might find the verdict they did upon the count we have set out, as well as upon the nineteenth count, which differs only in the date of the transactions. The defendants were carrying on the business of retailers of colored and uncolored oleomargarine. There was ample evidence that they were systematically buying uncolored oleomargarine, which pays a tax of one-fourth of one cent per pound, and mixing with it a coloring matter which gave it the yellowish color of butter, and selling it without

paying the tax of ten cents per pound charged upon oleomargarine so colored. The attempt to defraud the United States out of that tax upon the 300 pounds referred to in this count was inferable from the evidence, which pointed to a systematic course of business unlawful in character, and from evidence that this lot of butter had been freshly colored and packed in empty packages before used, on which the old stamps, indicating that the tax of ten cents had previously been paid, had not been destroyed, as well as from the general appearance of the place of business and the conduct of the defendants when raided.

There were no exceptions to the evidence tending to establish the general facts stated, no requests for charges, other than one for an instruction to find for the defendants, and no exception to the general charge. A question as to the admissibility of evidence obtained by a raid conducted under a search warrant which was claimed to have been illegally issued, but which was not made part of the record, was considered and overruled in the original opinion of the court, though not properly saved below nor assigned as error.

Upon the allowance of a writ of error a bond in the sum of $3,000 with security was required, and such bond was executed, with the United States Fidelity & Guaranty Company as security, conditioned that the said Hardesty and Voges should answer "all judgments, damages, and costs that may be awarded against them, or either of them, if they or either of them fail to make their pleas good," etc. Motion has been entered here by the surety to discharge the bond as one executed without any authority of law. In re Claasen, 140 U. S. 200, 208, 11 Sup. Ct. 735, 35 L. Ed. 409. We think the matter is not now within the jurisdiction of this court, but is a matter for the consideration and determination of the Circuit Court.

The motion must be denied.

Judgment affirmed.