HARDESTY et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 3, 1911.)

No. 2,056.

**1. BAIL (§ 63\*)—WRIT OF ERROR—SUPERSEDEAS.**

While a writ of error to review a conviction for a noncapital crime, and a supersedeas to stay the execution of the sentence is a matter of right, an appearance or bail bond is required to entitle the accused to go at large pending the writ of error.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 63.\*]

**2. CRIMINAL LAW (§ 1194\*)—WRIT OF ERROR—APPEARANCE BOND—ACTION TO RECOVER FINE.**

Rev. St. § 1007 (U. S. Comp. St. 1901, p. 714), provides that, in any case where a writ of error may be a supersedeas, defendant may obtain the same by filing and serving the writ within 60 days after judgment, and giving the security provided by law on the issuance of citation, but if he desires a stay of process, he may after having served his writ of error give the security required by law within 60 days after judgment or thereafter with the permission of a justice or judge of the appellate court. Section 1041 (page 724) provides that a fine may be enforced against the property of accused as a judgment in civil cases, provided that where the judgment directs that defendant shall be imprisoned until the fine or penalty imposed is paid, the issue of execution on the judgment will not discharge defendant from imprisonment until the amount of the judgment is collected or otherwise paid. Court of Appeals rule 13 (150 Fed. xxviii, 79 C. C. A. xxviii) requires that a supersedeas bond shall be conditioned that appellant shall prosecute his writ or appeal to effect and answer all damages and costs, if he fails to make his plea good, and that, where the judgment or decree is for the recovery of money not otherwise secured, such indemnity must be for the "whole amount of the judgment or decree including just damages for delay, costs and interest of the appeal." Rule 37 (150 Fed. lxxxv, 79 C. C. A. lxxxv) declares that the proper security may be taken and citation signed by the justice or judge allowing the appeal or writ of error, and that he may also grant a supersedeas and stay of execution of proceedings pending such writ of error or appeal, and section 2 of the rule empowers the Circuit Court or District Court, or any justice or judge thereof, after the citation is served, to "admit the accused to bail in such amount as may be fixed." *Held*, that the first paragraph of rule 37 was not limited to civil cases, but embraces criminal as well, of which the Court of Appeals had appellate jurisdiction, and hence where accused were each sentenced to a term of imprisonment and to pay a fine of $1,000, and, after executing a supersedeas bond conditioned that they would prosecute their writ to effect and also damages and costs which might be awarded against them or either of them if they failed to make their pleas good, executed appearance bonds, such supersedeas bond was neither unauthorized nor without consideration, but, on the affirmance of the judgment and on defendants' surrender to serve the imprisonment portion thereof, the United States was entitled to recover the amount of the fine in a proceeding on the supersedeas bond.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1194.\*]

**3. CRIMINAL LAW (§ 1199\*)—APPEAL—ERROR—OBJECTION.**

After affirmance of a conviction on a writ of error, proceedings were taken to obtain a recovery of the fines assessed against the surety of the supersedeas bond in the same proceeding. No objection to the form of the remedy was made at the time of the hearing, nor was such objection taken by exception or by assignment of error, but was raised by counsel representing the indemnitor of the surety company, who appeared on the

· briefs as counsel for plaintiffs in error. *Held*, that the objection that recovery could only be had in an independent action against the surety was without merit.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1199.*]

In Error to the District Court of the United States for the Western District of Tennessee.

Jerome E. Hardesty and another, each having been convicted of violating the federal oleomargarine act and each sentenced to a term of imprisonment and to pay a fine of $1,000 and the conviction having been affirmed, the United States applied for judgment in that proceeding on defendants' supersedeas bond against the Fidelity & Guaranty Company, defendants' surety. From a judgment in favor of the United States on the bond, defendants and the surety company bring error. Affirmed.

Cary & Rogers (Bates & Blodgett, of counsel), for plaintiffs in error.

Casey Todd, U. S. Atty.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

· KNAPPEN, Circuit Judge. The writ of error in this case brings up for review the judgment of the court below in favor of the United States upon a supersedeas bond given by Hardesty and Voges as principals and the United States Fidelity & Guaranty Company as surety under these circumstances:

Hardesty and Voges were convicted in the District Court of violating the federal oleomargarine act. Each was sentenced to a term of imprisonment and to pay a fine of $1,000. They petitioned the court for a writ of error to this court, asking also:

"That an order be made fixing the amount of the bond which the defendants shall give and furnish upon said writ of error, and that upon the giving of such security all further proceedings in this court be suspended and stayed until the determination of the said writ of error. * * *"

The court ordered that the writ be allowed, and that "the amount of bond on such writ of error be and is hereby fixed at the sum of $3,000." The bond in question was accordingly given; its condition being that Hardesty and Voges "shall prosecute their writ of error to effect and shall answer all judgments, damages and costs that may be awarded against them or either of them, if they or either of them fail to make their pleas good." Hardesty and Voges then petitioned the court to "fix an appearance bond for their appearance in said court to abide by the judgment of (this court) in the prosecution of this writ of error," stating that they had "perfected their writ of error and the same has been granted." An order was made reciting the giving of "a supersedeas bond in the sum of $3,000, which has been approved by this court," and permitting the respective respondents to give separate appearance bonds in the sum of $1,000 each. Hardesty and Voges accordingly each gave a bond in the penalty of $1,000,

with the United States Fidelity & Guaranty Company as surety; its condition being that the principal "surrender himself in execution of the judgment and sentence appealed from" should the judgment be affirmed by the Court of Appeals. The judgment of the District Court was affirmed by this court February 18, 1909 (Hardesty v. United States, 168 Fed. 25, 93 C. C. A. 417). The District Court thereupon fixed the time for the commencement of the sentence of imprisonment, and Hardesty and Voges were committed accordingly. The Fidelity & Guaranty Company then moved that the supersedeas bond be set aside, on the ground that its execution "was not required by law a condition precedent to the granting of the writ of error in said case, and was therefore unauthorized, without consideration, and null and void"; and on the further ground that Hardesty and Voges had surrendered themselves to the court, had been sentenced, and were then serving the term of imprisonment to which they were sentenced, and had thus fully complied with the terms of the undertaking in question. The counsel for the United States having moved for judgment upon the bond, the motion of the Fidelity & Guaranty Company was overruled, and judgment entered against Hardesty and Voges each in the sum of $1,000, "being the amounts of the fines heretofore imposed on each of them," and against the United States Fidelity & Guaranty Company, "surety on the said supersedeas bond," in the sum of $2,000.

The question is thus raised whether there was any authority in law for the taking, and thus any consideration for the giving, of the supersedeas bond. Section 1000 of the Revised Statutes (U. S. Comp. St. 1901, p. 712) provides that:

"Every justice or judge signing a citation on any writ of error, shall, except in cases brought by the United States or by direction of any department of the government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

Section 1007 (page 714) provides that in any case where a writ of error may be a supersedeas the defendant may obtain the same by filing and serving the writ within 60 days after the rendering of the judgment complained of, "and giving the security required by law on the issuing of the citation," but, if he desires to stay process on the judgment, he may, having served his writ of error, "give the security required by law within 60 days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court." By rule 13 (150 Fed. xxviii, 79 C. C. A. xxviii) of this court the prescribed condition of the supersedeas bond is that "appellant shall prosecute his writ or appeal to effect, and answer all damages and costs, if he fails to make his plea good"; and it is provided that "such indemnity, where the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree, including just damages for delay and costs and interest on the appeal." Rule 37 (150 Fed. lxxxv, 79 C. C. A. lxxxv) of this court provides that "the proper

security" may be taken and the citation signed by the justice or judge allowing the appeal or writ of error, and that "he may also grant a supersedeas and stay of execution or of proceedings, pending such writ of error or appeal." By section 2 of the rule the Circuit Court or District Court, or any justice or judge thereof, is given power, after the citation is served, to "admit the accused to bail in such amount as may be fixed."

It is well settled that a writ of error from a judgment of conviction of a crime not capital is a matter of right, and that a supersedeas has the effect, under the statute and rules cited, of staying the execution of the sentence, but that it does not involve the question whether the defendant shall be permitted to go at large pending the writ of error, an appearance or bail bond being required to permit such result. In re Claasen, 140 U. S. 200, 205, 11 Sup. Ct. 735, 35 L. Ed. 409; Hudson v. Parker, 156 U. S. 277, 283, 287, 15 Sup. Ct. 450, 39 L. Ed. 424; McKnight v. United States, 113 Fed. 451, 452, 51 C. C. A. 285. In the Claasen Case (page 208 of 140 U. S., page 738 of 11 Sup. Ct. [35 L. Ed. 409]) it is said that:

> "As there is no security required in a criminal case, the supersedeas may be obtained by merely serving the writ within the time prescribed, without giving any security, provided the justice who signs the citation directs that the writ shall operate as a supersedeas, which he may do when no security is required or taken."

Hudson v. Parker cites the Claasen Case with approval. This court in the McKnight Case, speaking through Judge (now Mr. Justice) Lurton, said (page 452 of 113 Fed., page 286 of 51 C. C. A.):

> "The writ of error, when filed within 60 days of the judgment complained of, operates as a supersedeas or stay of proceedings. * * * If the writ of error is not allowed until after the lapse of 60 days, it will equally operate as a supersedeas, provided the judge signing the citation shall so direct."

In the Claasen Case and in Hudson v. Parker, the sentences were merely of imprisonment. The Claasen Case involved merely a motion for leave to file a petition for a writ of mandamus to compel the settling of a bill of exceptions, and a motion, on behalf of the United States, to set aside a supersedeas. Hudson v. Parker involved the power of a circuit justice not assigned to the circuit in question to order a prisoner, after citation served, to be admitted to bail. The McKnight Case was heard on application for bail pending writ of error. The statute under which the applicant was sentenced provided only for punishment by way of imprisonment; and, although the record in the main case shows that a nominal fine was actually imposed in addition to the sentence of imprisonment, that fact was in no way involved in the application under consideration. In the Claasen Case (on which the Hudson and McKnight Cases were based) the decision that no security is required on granting supersedeas in a criminal case was based upon the proposition that in such case there was nothing to secure, because there could be no damages in a criminal case, nor were costs recoverable upon appeal, and that, therefore, the limitation of the rule that supersedeas be granted on giving the security required by law had no application.

It is certainly true that, where the only judgment is one of imprisonment, there is nothing to secure except the appearance of the defendant, and this appearance may be assured in spite of the supersedeas by the commitment of the respondent, if bail is not allowed to be given. But such is not the case where, as here, there was in addition to the sentence of imprisonment a judgment for the payment of a fine. Section 1041 of the Revised Statutes (U. S. Comp. St. 1901, p. 724) provides that such fine "may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced, provided that where the judgment directs that the defendant shall be imprisoned until the fine or penalty imposed is paid, the issue of execution on the judgment shall not operate to discharge the defendant from imprisonment until the amount of the judgment is collected or otherwise paid." It is doubtless within the discretion of the court to order the imprisonment of the defendant to coerce the payment of a fine (Ex parte Jackson, 96 U. S. 727, 24 L. Ed. 877); and, if nothing be said in the judgment concerning the mode of enforcing the fine, it seems to be the rule that the district attorney, at his election, may adopt the method by execution under the statute or by a capias; but that, where the judgment provides only that execution be issued against the defendant, that is an exclusive mode of enforcing the sentence. 2 Desty's Federal Procedure, § 577. The judgment in this case provided that:

"For the collection of which said fine and costs, the writ of execution will issue against said defendants together with the usual writs of mittimus with copy."

Where a judgment appealed from requires the payment of money, a supersedeas bond conditioned according to the statute and the court rule covers, not merely damages and costs, but the amount of the judgment. Catlett v. Brodie, 9 Wheat. 553, 6 L. Ed. 158; Jerome v. McCarter, 21 Wall. 17, 22 L. Ed. 515; Wood v. Brown, 104 Fed. Rep. 203, 206, 43 C. C. A. 474. That the respondents had in mind that the supersedeas bond would secure the payment of the fines seems apparent from the facts first, that the supersedeas bond and appearance bond were applied for practically simultaneously, the two respective bonds being applied for, executed and filed on the same dates respectively; and, second, that the condition of the supersedeas bond contains the word "judgments," which is not contained in the language of either the rule or the statute pertaining to supersedeas bonds, but is within the protection afforded by the statutory bond. If in all criminal cases not capital a writ of error operates, as a matter of law, as a supersedeas, without the giving of security, it follows that in the large class of cases in which the sentence is merely for the payment of a fine, to be enforced only by execution against the property of the defendant, the United States can get no security, upon the taking of writ of error by the defendant, that the fine will be forthcoming (even to the extent of the then property of the defendant), in case the judgment is affirmed. We cannot believe such was the intention of the statute and rules. In such case there is something to be secured besides the appearance of the defendant for commit-

ment to imprisonment. The first paragraph of rule 37 (150 Fed. lxxxv, 79 C. C. A. lxxxv), which in fact contains the general provision on supersedeas, is not limited to civil cases, but embraces all cases, civil or criminal, of which this court has appellate jurisdiction. Hudson v. Parker, supra, at page 284 of 156 U. S., 15 Sup. Ct. 450, 39 L. Ed. 424. While the United States is not properly interested in securing the imposition of fines for mere purposes of revenue, it is in our opinion legally interested in collecting a judgment for a fine lawfully imposed. As applied to such cases, the general statements contained in the Claasen, Hudson, and McKnight Cases cited above are in our opinion obiter. Indeed, in Hudson v. Parker, at page 293 of 156 U. S., 15 Sup. Ct. 456, 39 L. Ed. 424, Mr. Justice Brewer, speaking of Supreme Court rule 36, 11 Sup. Ct. iv (rule 37 of this court being substantially the same), says that the provision in the first paragraph of the rule, in reference to security, "evidently refers to those cases in which the sentence of the trial court directs the payment of a fine. In respect to such a sentence 'security' is an apt and suitable word." While this language was contained in a dissenting opinion, we think there is nothing in the majority opinion necessarily inconsistent with it. It is matter of common knowledge that on writs of error from judgments imposing fines against corporations for rebating under the interstate commerce act (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]) security in some form has been sometimes required.

Assuming, but not deciding, that the writ of error without order for supersedeas would have suspended the power of commitment to coerce the payment of the fine, it would not in our judgment have suspended the issue of execution against the property. Conceding that the court had no authority to require security for the payment of damages for delay and for interest and costs, the court in our judgment had at least authority in its discretion to make the suspending of the execution against the property conditional upon the giving of security for the payment of the fines. Presumably the respondents believed, at least, that it was to their advantage to have the collection of the fines stayed, and so volunteered to give the bond, although the record does not disclose whether or not they had any property. The judgment on the bond is for the amount of the two fines, without interest, costs, or damages for delay, and the securing of these fines we think must fairly be held to have been covered by the bond. The conclusion we have reached is that the giving of the supersedeas bond was not without consideration or authority of law.

Counsel in fact representing the indemnitor of the surety company, and appearing upon the briefs as of counsel for the plaintiffs in error, raise in this court the objection that the judgment is invalid because the proceeding was instituted by motion for judgment, and not by independent suit. No objection as to the form of the remedy was made at the time of the hearing, nor has such objection been specified in exception or assignment of error. It was evidently not thought of by the surety or by any one on his behalf until the filing of the supplemental brief in this court prepared by counsel for the indemni-

tor, and the subject is thus not discussed in the brief of the defendant in error. It is apparent that no injury to the plaintiffs in error has resulted from the form of the proceeding. The question raised is merely one of law, to be decided by the court. Not only was the surety in court and without objection on its part, but it was there upon its own application for the purpose of trying out the question of its liability.

There is in our judgment no merit in the objection referred to.

The judgment of the court below is affirmed.