### UNITED STATES v. LEACH.

(District Court, E. D. Michigan, N. D.   August 11, 1923.)

No. 524.

**1. Poisons ☞9—Count charging physician with issuing prescriptions for other than legitimate medical purposes held not to state offense.**

Count of indictment charging that physician issued large number of prescriptions for morphia sulphate to drug addict in course of professional practice, but not for legitimate medical purposes, and that such addict, through the use of such prescriptions, had such drug dispensed and distributed to him, charged no offense under Harrison Anti-Narcotic Law, § 2 (Comp. St. § 6287h), as it did not charge any sale, etc., without written order or giving of order without making or keeping duplicate.

**2. Poisons ☞9—Count charging giving of prescriptions without keeping record, but not sale or giving away of drug, insufficient.**

Count of indictment charging that physician unlawfully prescribed large quantity of morphia sulphate for a drug addict, by issuing a large number of prescriptions without making and keeping record thereof, as provided by Harrison Anti-Narcotic Law, particularly section 5 (Comp. St. § 6287k), did not state offense, because not charging any sale, barter, exchange, or giving away of the drug, with or without a written order.

**3. Poisons ☞4—Requirement that physician keep record of dispensing and distributing merely qualifies exception of physician from requirement as to keeping duplicate of order.**

Proviso in Harrison Anti-Narcotic Law, § 2, subd. (a), being Comp. St. § 6287h, requiring physician to keep record of prohibited drugs dispensed or distributed, merely qualifies exception of physicians from requirement as to keeping of duplicate of order, and where no order was given and accepted by any person, there was no duty to preserve duplicate, and no room for application of the proviso.

**4. Poisons ☞9—Count held not to show duty of physician to keep duplicate of order, when not showing order was accepted.**

Count of indictment charging physician with prescribing morphia sulphate without keeping record thereof did not show that defendant was under duty to preserve duplicate of order under Harrison Anti-Narcotic Law, § 2 (Comp. St. § 6287h), where it did not charge that he gave any order which was accepted by any person.

**5. Indictment and information ☞196(5)—Objection to indictment not stating facts constituting offense not waived by failure to demur or move to quash.**

Where indictment did not state sufficient facts to constitute offense, defect was not one waived by failure to demur or move to quash indictment prior to trial, and objection might be made even after verdict.

Henry M. Leach was convicted of offenses, and he moves for a new trial.  Verdict set aside, and indictment quashed.

Earl J. Davis, U. S. Atty., and Leonard S. Coyne, Asst. U. S. Atty., both of Detroit, Mich.

Otto & Holland, of Saginaw, Mich., for defendant.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TUTTLE, District Judge. After careful consideration of the motion for a new trial and of the entire record in the cause, including the indictment, I have reached the conclusion that, aside from any other question involved, the indictment is so defective in its allegations that it fails to charge any offense cognizable in this court.

The statute on which the government relies is the so-called Harrison Anti-Narcotic Law (the act of Congress of December 17, 1914, c. 1, 38 Statutes at Large, 785 [Comp. St. §§ 6287g–6287q]). Section 1 of that act provides, among other things, that "every person who produces, imports, manufactures, compounds, deals in, dispenses, sells, distributes or gives away opium or coca leaves or any compound, manufacture, salt, derivative, or preparation thereof shall register with the collector of internal revenue" as in said section provided. Section 2 of the act (section 6287h) contains the following provisions:

"It shall be unlawful for any person to sell, barter, exchange, or give away any of the aforesaid drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue. Every person who shall accept any such order, and in pursuance thereof shall sell, barter, exchange, or give away any of the aforesaid drugs, shall preserve such order for a period of two years in such a way as to be readily accessible to inspection by any officer, agent, or employé of the Treasury Department duly authorized for that purpose, and the state, territorial, District, municipal and insular officials named in section five of this act. Every person who shall give an order as herein provided to any other person for any of the aforesaid drugs shall, at or before the time of giving such order, make or cause to be made a duplicate thereof on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue, and in case of the acceptance of such order, shall preserve such duplicate for said period of two years in such a way as to be readily accessible to inspection by the officers, agents, employees, and officials hereinbefore mentioned. Nothing contained in this section shall apply—

"(a) To the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, dentist, or veterinary surgeon registered under this act in the course of his professional practice only: Provided, that such physician, dentist, or veterinary surgeon shall keep a record of all such drugs dispensed or distributed, showing the amount dispensed or distributed, the date, and the name and address of the patient to whom such drugs are dispensed or distributed, except such as may be dispensed or distributed to a patient upon whom such physician, dentist or veterinary surgeon shall personally attend; and such record shall be kept for a period of two years from the date of dispensing or distributing such drugs, subject to inspection, as provided in this act.

"(b) To the sale, dispensing, or distribution of any of the aforesaid drugs by a dealer to a consumer under and in pursuance of a written prescrption issued by a physician, dentist, or veterinary surgeon registered under this act: Provided, however, that such prescription shall be dated as of the day on which signed and shall be signed by the physician, dentist, or veterinary surgeon who shall have issued the same: And provided further, that such dealer shall preserve such prescription for a period of two years from the day on which such prescription is filled in such a way as to be readily accessible to inspection by the officers, agents, employees, and officials hereinbefore mentioned."

The foregoing are the only provisions of the statute material or in any way applicable to this case.

The indictment consists of two counts. The first count is in full as follows:

"The grand jurors of the United States of America, impaneled and sworn to inquire in and for the body of the Northern division of the Eastern district of Michigan, upon their oaths present: That heretofore, to wit, on the 4th day of September, in the year of our Lord one thousand nine hundred and twenty, and to and including August 22, A. D. 1921, at the city of Saginaw, in the Northern division of the Eastern district of Michigan, and within the jurisdiction of this honorable court, one

Henry M. Leach

late of the city of Saginaw, a physician, registered with the collector of internal revenue, of the aforesaid district, as one authorized to prescribe opium, coca leaves, their salts or derivatives, as provided by an act of Congress enacted December 17, 1914, and amendments thereto, and popularly known as the Harrison Anti-Narcotic Law, did unlawfully, willfully, and knowingly violate said law by prescribing on the said 4th day of September 1920, up to and including August 22, 1921, a large number of prescriptions for, to wit, morphia sulphate, a derivative of opium, to wit 110 prescriptions to one Joseph Banfield a drug addict, late of the city of Saginaw, in the state of Michigan, the total amount prescribed being, to wit, 3,440⅜ grains of said morphia sulphate said drug being prescribed by said practitioner in the course of his professional practice, but not for the purpose of being administered to the patient, the said Joseph Banfield, a drug addict, for legitimate medical purposes, and through the use of said written prescriptions, said Joseph Banfield, a drug addict, had dispensed and distributed to him, by a dealer in drugs, the amount of morphia sulphate prescribed by said Henry M. Leach, contrary to the form, force and effect of the act of Congress in such case made and provided, and against the peace and dignity of the United States."

[1] Obviously, this count does not allege any violation of the statute. It shows that the defendant was duly registered as required by law. It does not charge any sale, barter, exchange, or giving away of any drug by the defendant without the written order required by the terms of section 2 just quoted, nor the giving of such an order without the making or keeping of a duplicate thereof as required by the statute. It will be noted that the only such sale, barter, exchange, or giving away prohibited by the statute is one not made "in pursuance of a written order" as therein specified. The only other act there prohibited is the giving of such an order without the making, and, in case of its acceptance by another person, without the keeping, of a duplicate thereof as specified in the statute. This count, therefore, does not allege any act to which the excepting provisos in section 2 (relative to the issuance of prescriptions and the dispensing of drugs by physicians) can apply, and the reference in the count to prescriptions and professional practice are entirely irrelevant. It is plain that this count wholly fails to allege any violation of the Harrison Law.

The second count of the indictment is as follows:

"And the grand jurors aforesaid, upon their like oaths, do further present: That the said Henry M. Leach, being then and there, to wit, on September 4, 1920, and for a long period subsequent thereto until, to wit August 22, 1921, a resident of the city of Saginaw, in the division and district aforesaid and within the jurisdiction of this honorable court, and being a physician registered with the collector of internal revenue, and being authorized to prescribe narcotic drugs as set forth in count 1 of this indictment, did willfully, knowingly, and unlawfully prescribe to one, to wit, Joseph Banfield, a drug addict late of the city of Saginaw, aforesaid, a great quantity of narcotic drugs, to wit, 3,440⅜ grains of morphia sulphate, by issuing to said Joseph Banfield, a drug addict, between and including said dates, a large number of

prescriptions to wit, 110 prescriptions without making and keeping a record thereof, as provided by said Harrison Narcotic Law, and more particularly as provided by section 5 thereof, and with intent to evade the intention and provisions of said Anti-Narcotic Law, contrary to the form, force, and effect of the act of Congress in such case made and provided, and against the peace and dignity of the United States."

[2-4] It will first be observed that this count, like the first count, does not charge any sale, barter, exchange, or giving away of any drug, either in pursuance or not in pursuance of a written order. Consequently it cannot be, and is not, charged that any such order was accepted by any druggist or other person nor that there was a failure by any one to preserve such an order. It is, moreover, clear that, unless such an order was given by one person and was accepted by another person, the statute imposed no obligation upon any one to preserve a duplicate of such order or to "keep" any "record" thereof. Plainly, the proviso in subdivision (a) of section 2 is merely a part of the exception created by that subdivision, and has no independent nor other meaning or effect. This exception, however, can have no force nor application otherwise than as excluding some act from the operation of the prohibited class of acts referred to immediately preceding such exception. In other words, the words "Provided, that such physician * * * shall keep a record," etc., merely limit the application of the exception which excludes the dispensing of drugs to a patient by a physician from the otherwise applicable prohibitory preceding provisions of the section. If, for example, the defendant were charged with giving an order for the forbidden drugs without making a duplicate of such order and without keeping such order after its acceptance by another person, as required by those provisions, the defendant could defend himself by showing that he had merely dispensed or distributed said drugs as a registered physician in the course of his professional practice to a patient. Such defense, however, would be available to him only "provided" that he had kept a record as required by the proviso in question. Under settled rules of statutory construction, the office of a proviso such as this is to qualify the paragraph, or, as here, the subdivision of a paragraph containing such proviso. As, in the count under consideration, the government does not charge that the defendant gave an order which was accepted by any person, the defendant was under no duty to preserve a duplicate thereof, and as no act on the part of the defendant is charged which would be a violation of this statute if not excepted from criminality by subdivision (a), with its proviso mentioned, there can be no room for the application of such proviso and no basis for any consideration thereof. The indictment does not allege in either count that the defendant failed to make a duplicate of any prescription or order issued by him. The only intimation of any failure to make any record is in connection with the allegation that the defendant issued the prescriptions mentioned without "making and keeping a record thereof." For the reasons stated, the indictment shows no legal necessity for "keeping a record." It is plain that the indictment simply charges failure of the defendant to do the things which would exempt him from the statute without charging that he violated the statute. It may be added that, while the provisions

of sections 5 (section 6287k), referred to in the second count, have not been hereinbefore quoted, they have been examined and found to contain nothing having any application or relevancy here.

The government lays stress upon the case of United States v. Behrman, 258 U. S. 280, 42 Sup. Ct. 303, 66 L. Ed. 619. The opinion in that case has been considered with care, but the indictment there involved (unlike that under consideration here) alleged the unlawful sale, barter, and giving by the defendant of the drugs in question. It next charged that such acts were "not in pursuance of any written order," etc. Finally, it proceeded to negative the applicability of the exceptions contained in the statute. It will thus be seen that the indictment was wholly different, both in form and in substance, from the indictment involved in the present case. The decision, therefore, in that case is not applicable here.

I am satisfied that this indictment fails to allege any offense against the United States, and that for this reason it must be quashed, and all of the proceedings based thereon must be set aside.

[5] Although it would have been better practice for the defendant to avail himself of this objection by way of demurrer or motion to quash the indictment, yet as such an objection is not one based upon a mere matter of form, but involves an insufficiency of the indictment substantially affecting the rights of defendant, the defect in question is not to be regarded as waived by failure to file a demurrer or motion to quash prior to the trial; it being settled that where an indictment omits an essential element of the offense attempted to be charged objection may be made even after verdict. Hardesty v. United States, 168 Fed. 25, 93 C. C. A. 417 (C. C. A. 6); Shilter v. United States, 257 Fed. 724, 169 C. C. A. 12 (C. C. A. 9); Cohn v. United States, 258 Fed. 355, 169 C. C. A. 371 (C. C. A. 2). It therefore becomes unnecessary to consider any other objection or question presented, any discussion of which would be merely academic as, for the reason stated, the verdict must be set aside and the indictment quashed. An order will be entered accordingly.