## UNITED STATES v. NORTON et al.

(District Court, W. D. Texas, San Antonio Division.   September 8, 1923.)

### No. 3981.

1. **Criminal law ⚖1084—Bail bond given pending review of judgment held not to operate as supersedeas in respect to fine imposed.**

An appearance bond given by defendant pending appellate proceedings for review of a judgment imposing both fine and imprisonment, conditioned for the surrender of defendant in execution of the judgment on affirmance, does not operate as a supersedeas in respect to the fine.

2. **Criminal law ⚖1084—Jurisdiction to rquire supersedeas, after cause has been transferred to appellate court, held in such court.**

Where writ of error has been taken to a judgment imposing fine and imprisonment, the record has been filed in the Circuit Court of Appeals, citation issued and served, and defendant admitted to bail, jurisdiction to require supersedeas in respect to the fine is in the appellate court.

Criminal prosecution by the United States against Al Norton and others.   On motion by District Attorney for capias pro fine.   Denied.

J. D. Hartman, U. S. Atty., and W. C. Williams, Asst. U. S. Atty., both of San Antonio, Tex.

Leonard Brown, of San Antonio, Tex., for defendants.

WEST, District Judge.   The United States Attorney on August 25, 1923, filed a motion for capias pro fine in the above-styled case against three of the defendants, Norton, Terrell, and Schreiner.   The motion declares that the judgment and sentence of the court imposed fines against each of these defendants, and also imposed terms of imprisonment against each; that a writ of error cost bond, and appearance or enlargement bonds, were approved when the writ of error was allowed.   Each defendant was released from confinement, though no stay of sentence or supersedeas bond had been given as to so much of the judgment and sentence imposing fines in each case.   The United States Attorney therefore moves that capias pro fine be issued for each of the defendants, and that they be committed until supersedeas bonds be given and approved.

The defendants, responding to the motion, declare that the court is without jurisdiction, because their petition for writ of error was filed and allowed on April 20, 1923, citation duly issued and served, and defendants admitted to bail pending hearing, and that the transcript of the record has been filed in the office of the clerk of the Circuit Court of Appeals for the Fifth Circuit, and that consequently only the Circuit Court of Appeals has jurisdiction to grant the prayer of the motion.   They further respond that the motion is insufficient in law, and shows no grounds for issuance of the capias prayed for.

For answer to the motion the defendants say that, the appeal having been perfected as hereinbefore stated, the writ granted and allowed and issued, and bail fixed at $5,000 for each defendant, and these bonds given and approved by the court, the defendants released and at large, transcript of the record filed in the Circuit Court of Appeals for the

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fifth Circuit at New Orleans, and writ of error now pending and not yet acted upon, the proceedings so had in the fixing of the bonds and admitting to bail have the effect of staying the execution of such judgments and sentences against these defendants, and operate as supersedeas without further formal order of the court, and that, if such order is considered necessary and this court has jurisdiction, then that the court do make and enter such a written order nunc pro tunc.

Hardesty v. United States, 184 Fed. 273, 106 C. C. A. 411, is a case where there was a sentence of imprisonment and judgment for the payment of a fine. The court holds that section 1041 of the Revised Statutes (Comp. St. § 1705) doubtless authorizes the court to order the imprisonment of a defendant to coerce the payment of a fine, and if nothing be said in the judgment concerning the mode of enforcing the payment of fine it seems to be the rule that the District Attorney at his election may adopt the method by execution under the statute, or by a capias.

[1] The condition of the appearance bond in each case (see form at the bottom of page 42 of the transcript) required the defendant to "surrender himself in execution of the judgment and sentence appealed from  *  *  *  and abide by and obey all orders made by said court." The terms of this bond are limited to securing the personal appearance of the defendant, and the sureties would not be liable under its terms for defendants' default in the payment of the fine. Therefore the bond would be ineffectual to stay or supersede the judgment as to the fines. The writ of error or cost bond is for a nominal sum, and limited to costs.

[2] Has this court jurisdiction, in view of the pendency of the case in the Circuit Court of Appeals, to enter a further order granting the motion to compel a supersedeas of the judgment covering the fines? There is no doubt as to the jurisdiction of the Circuit Court of Appeals to enter such an order and to direct the District Judge to approve such bond. In Hudson v. Parker, 156 U. S. 288, 15 Sup. Ct. 450, 39 L. Ed. 424, such an order was issued by Mr. Justice White, the supersedeas to take effect upon approval of the bond by the District Judge. The following authorities have been considered: In re Claasen, 140 U. S. 200, 11 Sup. Ct. 735, 35 L. Ed. 409; McKnight v. United States, 113 Fed. 451, 51 C. C. A. 285.

The jurisdiction of this court being lacking, or at best doubtful, the motion is denied.