[Civ. No. 6578.  Second  Appellate  District,  Division  Two.—March 18, 1931.]

MARY  F.  CLA  VELL,  an  Incompetent  Person,  etc.,  Respondent,  v.  J.  B.  COCHRAN  et  al.,  Appellants.

Arthur T. Stollmack for Appellants.

W. Joseph Ford and J. F. Moroney for Respondent.

ARCHBALD, J., *pro tem.*—Defendants have appealed on the judgment-roll from a judgment against them in plaintiff's favor. The complaint alleges that the action is brought on a promissory note in the sum of $2,250, executed by the defendants in favor of plaintiff, no part of which has been paid. The answer admits such allegations, and sets up as a defense that plaintiff was a surety on a *supersedeas* bond given to stay execution of the sentence of two years' imprisonment and $5,000 fine imposed upon one Rush Meadows after conviction in the District Court of the United States for the Southern District of California and pending review of said judgment by the United States Circuit Court of Appeals for the Ninth Circuit (*Meadows* v. *United States*, 11 Fed. (2d) 718); that after said judgment was affirmed said Meadows applied to the trial court for an additional stay of execution of thirty days, which the court refused to grant except upon immediate payment of the $5,000 fine; that defendants contributed $1400, and various other sums were contributed by other friends and relatives, including the plaintiff, Cla Vell; that after said sum of $5,000 had been raised and the fine paid, plaintiff demanded that she be secured for her contribution, and that defendants, in order to appease the ravings of said Cla Vell, executed the promissory note which is the subject of this action, to repay to plaintiff the amount she had theretofore paid on her own obligation.

With regard to said defense the court found that Meadows was found guilty and sentence imposed as alleged; that plaintiff was related by marriage to Meadows, and that on July 30, 1925, the latter, as principal, and Mrs. Cla Vell, with two other sureties, "executed a *supersedeas* bond in said proceeding in favor of the United States of America in the penal sum of $25,000", with the following condition: " . . . that if the said Rush Meadows shall appear in per-

son in the United States Circuit Court of Appeals for the Ninth Circuit on such day or days as may be appointed for the hearing .of said cause in said court, and prosecute his writ of error,.and shall abide by and obey all orders made by the United States Circuit Court of Appeals for the Ninth Circuit in said cause, and shall pay any fine and costs imposed by the judgment of the District Court against him, and shall surrender himself in execution of the judgment and sentence appealed from as said court may direct, if the judgment and sentence against him shall be affirmed or the writ of error or appeal is dismissed, and if he shall appear for trial in the District Court of the United States for the Southern District of California, Southern Division, on such day or days as may be appointed for a retrial by said District Court and abide by and obey all orders of said court provided the judgment and sentence against him shall be reversed by the United States Circuit Court of Appeals for the Ninth Circuit, then the above obligation to be void; otherwise to remain in full force and effect.'' The court further found that said Meadows perfected his appeal and that on November 3, 1926, said United States Circuit Court of Appeals affirmed the judgment of the trial court theretofore rendered against him; ''that at and prior to the time that said conviction . . . was affirmed said defendants and the said Rush Meadows were interested in obtaining the rights to certain mica claims in the state of New Mexico, and that at the time that said conviction of said Rush Meadows was affirmed the said Rush Meadows was assisting the said defendants in obtaining an interest in said mica claims; that upon said conviction being affirmed as aforesaid, it was necessary that the said Rush Meadows produce himself at once and be delivered into custody, and it was the desire of the defendants, and each of them, that said Rush Meadows be granted a stay of execution for a period of thirty days or more to enable him to consummate a transfer of an interest in said mica claims to the said defendants, and to enable him to obtain the assistance of one Walter A. Jones and his mother and one Mrs. Derenia in defendant's business''; that before said stay would be granted by said court it ''was ordered and required by the Honorable Edward J. Henning, judge of said court, that

as a condition to the granting of said stay of execution the said Rush Meadows pay his said fine at once and forthwith, namely, on or before the 8th day of November, 1926''. The findings further state that defendants and each of them were interested in obtaining said stay in order that Meadows could complete the transaction of said business in New Mexico, and that they attempted to raise the money to pay said fine, but succeeded only in raising $1400 thereof; that defendants each agreed with plaintiff ''that if she would advance the sum of $3,600 towards the payment of said fine that they, the said defendants, in consideration of her advancing the said sum of $3,600, and as security to her'', would execute the promissory note sued on; that said fine was paid on the eighth day of November, 1926, said stay of execution granted and the note in question executed and delivered. The court further found that the plaintiff, Cla Vell, was not of unsound mind at the time and that said note was not executed to appease her ravings, and as a conclusion of law therefrom that ''said promissory note was executed and delivered to plaintiff by defendants for a valuable consideration''.

■ It is appellants' contention that the conclusion of law above referred to is contrary to and not supported by the findings, for the reason (1) that the *supersedeas* bond posted on appeal from a judgment in the United States District Court in a criminal case operates as a stay of execution and obligates the sureties to pay the fine imposed upon an affirmance of the judgment, and (2) that neither the performance of nor the promise to perform that which one is already obligated to a third party to do is a sufficient consideration for a promise. We agree with the second contention, and the first is substantially correct, although it might be more proper to say that the *supersedeas* effects the stay, the bond being simply a necessary step to make it effective; but it seems to us that the principle contended for is not applicable to the facts of this case.

The authority of the court to require such a bond as was given in the instant case is not questioned, and any doubt that might exist seems to be settled by the authorities. (*Williams* v. *United States*, 1 Fed. (2d) 203, 204; Rule 13, U. S. C. C. A., 150 Fed., p. xxviii; Rule 75, U. S. Dist. Ct.,

South. Dist. of California.) But the bond used in effecting a *supersedeas* "does not involve the question whether the defendant shall be permitted to go at large pending the writ of error, an appearance or bail bond being required to permit such result". (*Hardesty* v. *United States*, 184 Fed. 269, 272 [106 C. C. A. 411].) So we must conclude, there being no evidence before us, that the defendant in the criminal case here involved was in custody at the time the sentence was imposed; and it would appear that the bond given is not only a *supersedeas* but an appearance bond as well, and so it reads, for it not only requires the defendant Meadows to prosecute his appeal and pay any fine and costs imposed, but also that he "shall surrender himself in execution of the judgment and sentence appealed from" as the trial court "may direct, if the judgment and sentence against him shall be affirmed". We must assume, therefore, in an appeal of this kind, and in the absence of evidence, that the trial court ordered Meadows to appear for execution of the judgment and sentence—and that seems to be a proper inference from the finding—and that upon Meadows' request for a stay of execution he was ordered to pay the fine as a condition to granting the same, and that plaintiff, at the request of defendants, agreed not only to furnish the money required to make up the necessary amount, in consideration of the execution of the note in question, but as well consented to continue her liability for thirty days on the bond for the appearance of the defendant even after the affirmance of the judgment against him, in order to permit him to go to New Mexico on business in which the defendants were interested and she was not. This was a considerable additional risk and a sufficient detriment to the promisee to support the note—the contract. It is also a fair inference from the findings that plaintff did not pay the fine, but that in addition to consenting that her bond remain in force for ninety days, in consideration of the defendants executing the note, she advanced the defendants the money necessary, with the $1400 which they already had, to make up the $5,000 needed, and that the latter either paid the fine themselves or gave the money to Meadows with which to pay it, he having the primary obligation under the bond so to do.

We see no error in the conclusions of law reached by the trial court.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1931, and the following opinion then rendered thereon:

THE COURT.— In their petition for rehearing appellants call attention to the fact that the author of the opinion herein was not present at the hearing of the oral argument and therefore that the opinion should, in the absence of a stipulation covering the matter, have been written by one of the justices present at such oral presentation. In answer to this it is only necessary to remind counsel that immediately preceding the calling of the calendar upon the date of oral argument herein the court announced that unless objection were made at the time of argument it would be deemed stipulated in all matters then before the court that any justice *pro tempore* might participate in the decision of any or all matters then on the calendar, and that no objection was made by any counsel appearing in the present case.